IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 18-cv-01205-RBJ

GREG KACHADOORIAN,

      Plaintiff,

v.

UNITED AIRLINES, INC.,

      Defendant.

---

## ORDER ON PARTIAL MOTION TO DISMISS

---

In this employment discrimination lawsuit, defendant United Airlines, Inc. ("United")

moves to dismiss all but one of plaintiff Greg Kachadoorian's claims for relief. ECF No. 51.

For the reasons stated below, the motion is GRANTED.

## I. BACKGROUND

**A.  <u>Factual Background.</u>**

Plaintiff began working for defendant in May 1995, attaining the management position of

ramp supervisor.[1]  Second Amended Complaint ("SAC"), ECF No. 57 at ¶¶13–14.  On February

1, 2018, after 23 years of service, defendant terminated the 57-year-old employee for poor

performance.  *Id.* at ¶¶16, 18.  Plaintiff alleges that defendant's justification for his termination

was "false, exaggerated and pretextual."  *Id.* at ¶18.  The real motivation, according to plaintiff,

was his age and gender.  *Id.* at ¶19.  Plaintiff reached this conclusion by alleging that defendant

---

[1] Plaintiff originally worked for Continental Airlines but became a United employee after Continental and
United merged in 2011.  ECF No. 57 at ¶43.

"has a history of ridding itself of older and long-term employees for bogus reasons and also for complaining about discrimination." *Id.* at ¶20.

### B. **Procedural Background.**

Plaintiff filed his complaint in this Court on May 16, 2018. ECF No. 1. At the time, he had yet to file charges with the U.S. Equal Employment Opportunity Commission ("EEOC"), thereby making his discrimination and retaliation claims premature. As such, his original complaint focused on United's alleged breach of contract for failure to honor its appeal process, misrepresentation, and fraudulent concealment. *Id.* at ¶¶70–81. Defendant moved to dismiss all five original claims, ECF No. 13, and I granted that motion in part, ECF No. 37. Only plaintiff's breach of contract claim, and alternatively, his promissory estoppel claim, survived. *Id.* at 13–14. In short, I found that the termination letter that defendant provided plaintiff contained a sufficient promise that he had a right to appeal his termination decision in accordance with defendant's "Working Together Guidelines." In reliance on that promise, plaintiff began the appeal process the day after his termination. Defendant almost completed the entire appeal process, including a face-to-face meeting, but defendant stopped short of completing the last step—it never issued a ruling on the appeal.[2] I ruled that plaintiff adequately pled a breach of contract claim based on defendant's failure to adhere to its appeal procedure, as outlined in its Working Together Guidelines and as promised in plaintiff's termination letter.

On September 30, 2018 plaintiff received his notice of right to sue for alleged age discrimination from the EEOC. He subsequently filed a first amended complaint ("FAC"). ECF No. 45. Plaintiff's FAC alleged claims of (1) age discrimination under federal and state law; (2) improper retaliation under federal and state law; (3) and breach of contract and estoppel. *Id.* at

---

[2] Defendant finally issued its decision on June 5, 2018, approximately three weeks after plaintiff filed his original complaint. ECF No. 57 at ¶36.

17–18.  Moreover, on December 8, 2018 plaintiff received a notice of right to sue for alleged sex discrimination.  Upon receipt of this second right to sue notice, he sought leave to amend his FAC to add a claim of sex discrimination.  ECF No. 50.  The following day, defendant filed its second motion to dismiss, seeking to dismiss all but the breach of contract and estoppel claims contained in the FAC.  ECF No. 51.  Plaintiff responded in opposition, ECF No. 54, and defendant replied, ECF No. 55.  I granted plaintiff's motion to amend his FAC, but instead of mooting defendant's motion to dismiss, I allowed each side to supplement their motion to dismiss papers.  ECF No. 56.  Defendant submitted a supplemental brief in which it focused almost entirely on plaintiff's sex discrimination allegations.  ECF No. 58.  Plaintiff did not respond.  Defendant's motion to dismiss is now ripe for review.

## II.  STANDARD OF REVIEW

To survive a 12(b)(6) motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A plausible claim is a claim that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the Court must accept the well-pleaded allegations of the complaint as true and construe them in the light most favorable to the plaintiff, *Robbins v. Wilkie*, 300 F.3d 1208, 1210 (10th Cir. 2002), conclusory allegations are not entitled to be presumed true.  *Iqbal*, 556 U.S. at 681. However, so long as the plaintiff offers sufficient factual allegations such that the right to relief is raised above the speculative level, he has met the threshold pleading standard.  *See, e.g.*, *Twombly*, 550 U.S. at 556; *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008).

# III. ANALYSIS

This motion boils down to whether plaintiff has satisfied the basic pleading standards as explained by the Supreme Court in *Twombly* and *Iqbal*.[3] Defendant argues that plaintiff's discrimination and retaliation claims are vague, conclusory, and devoid of factual allegations. ECF No. 51 at 2. I agree.

## A. Federal Age and Sex Discrimination Claims.

The Age Discrimination in Employment Act ("ADEA") makes it unlawful for an employer to discharge an employee because of the employee's age, and Title VII prohibits employment discrimination on the basis of sex, among other protected classes. 29 U.S.C. § 623(a)(1); 42 U.S.C. § 2000e–2(a)(1). To prevail on his discrimination claims, plaintiff must establish intentional discrimination through either direct or indirect evidence. *Orr v. City of Albuquerque*, 417 F.3d 1144, 1149 (10th Cir. 2005). Where, as here, there is no direct evidence of discrimination, a court must apply the burden-shifting analysis outlined in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Id.* The first step in that analysis requires plaintiff to establish a prima facie case of discrimination.[4] *Id.* To properly state a claim under the ADEA, plaintiff must allege "that (1) []he is 'within the protected age group'; (2) []he 'was doing satisfactory work'; (3) []he 'was discharged'; and (4) h[is] position was filled by a younger person." *Cone v. Longmont United Hosp. Ass'n*, 14 F.3d 526, 529 (10th Cir. 1994) (quoting

---

[3] Plaintiff also argues that defendant's filing a motion to dismiss in lieu of answering the allegations concerning discrimination and retaliation constitute an admission. ECF No. 54 at 2–3. I disagree. In general, a defendant must serve an answer within 21 days of receiving a complaint. Rule 12(a)(1)(A)(i). But when, as here, a defendant files a Rule 12 motion, a defendant is not required to answer until after a court rules on the motion. *See* Rule 12(a)(4)(A); *see also Kent v. Geren*, No. CIV.A. 07-CV-02202-Z, 2008 WL 150060, at *1 (D. Colo. Jan. 11, 2008); *Ideal Instruments, Inc. v. Rivard Instruments, Inc.*, 434 F. Supp. 2d 598, 638–39 (N.D. Iowa 2006); *Oil Express Nat., Inc. v. D'Alessandro*, 173 F.R.D. 219, 220 (N.D. Ill. 1997).

[4] It is well established that plaintiff is not required to establish a prima facie case of discrimination in his complaint to survive a motion to dismiss. *See Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). However, the elements of a cause of action help guide the Court to determine whether plaintiff has pled a plausible claim. *Id.*

*Denison v. Swaco Geolograph Co.*, 941 F.2d 1416, 1420 (10th Cir. 1991)). To properly state a Title VII sex discrimination claim, plaintiff must establish that "(1) []he is a member of a protected class, (2) []he suffered an adverse employment action, (3) []he qualified for the position at issue, and (4) []he was treated less favorably than others not in the protected class." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). If plaintiff can plead a prima facie case, the burden shifts to defendant to articulate a legitimate, nondiscriminatory reason for the discharge. *Orr*, 417 F.3d at 1149. If defendant can satisfy its burden, plaintiff must then show that defendant's proffered reason was pretext or that his age was a determinative factor in the employment decision. *Id.*; *Cone*, 14 F.3d at 529.

In analyzing the sufficiency of plaintiff's age and sex discrimination claims, the Tenth Circuit's decision in *Khalik v. United Air Lines* is instructive here. 671 F.3d 1188 (10th Cir. 2012). Fedwa Khalik, a 14-year employee of United, challenged her termination by alleging that United fired her for discriminatory reasons. *Id.* at 1189. She asserted multiple claims including a Title VII claim for unlawful retaliation and discrimination because of her race, religion, national origin, and ethnicity. *Id.* at 1189. However, because of her pleading deficiencies, the Tenth Circuit affirmed the district court's decision to dismiss the claims under Rule 12(b)(6). *Id.* In reaching its holding, the court started its analysis by mechanically identifying the conclusory allegations in her complaint which were not entitled to the assumption of truth and disregarded those allegations. *Id.* at 1193. The disregarded allegations included her allegations that

> (1) she was targeted because of her race, religion, national origin and ethnic heritage; (2) she was subjected to a false investigation and false criticism; and (3) Defendant's stated reasons for the termination and other adverse employment actions were exaggerated and false, giving rise to a presumption of discrimination, retaliation, and wrongful termination.

*Id.* It then reviewed the remaining factual allegations to analyze whether Ms. Khalik sufficiently alleged discrimination or retaliation. *Id.* at 1193–94. The factual allegations included that

> (1) Plaintiff is an Arab–American who was born in Kuwait; (2) Plaintiff's religion is Islam; (3) Plaintiff performed her job well; (4) Plaintiff was grabbed by the arm in the office; (5) Plaintiff complained internally about discrimination; (6) Plaintiff also complained internally about being denied FMLA leave; (7) Plaintiff complained about an email that described a criminal act; and (8) Defendant terminated Plaintiff's employment position.

*Id.* at 1193–94. The court found that these remaining allegations, taken as true, were insufficient to withstand a motion to dismiss. *Id.* at 1194.

The *Khalik* court clarified that a plaintiff is not required to plead any specific facts or even a prima facie case, but a "plaintiff must include some further detail for a claim to be plausible." *Id.* The court explained that "there are certain details that Plaintiff should know and could properly plead to satisfy the plausibility requirement." *Id.* The court listed a myriad of facts that were missing from the complaint, but three are pertinent here. First, Ms. Khalik's complaint contained no allegations of similarly situated employees who were treated differently. *Id.* Next, she did not allege facts relating to the discrimination. *Id.* Finally, there was no nexus between the supervisors to whom she complained and the supervisor who fired her. *Id.*

Here, like in *Khalik*, plaintiff's SAC contains numerous conclusory allegations: (1) that defendant's stated basis for firing plaintiff was false, exaggerated, and pretextual; (2) that defendant's actual reason for terminating plaintiff was because of his age and gender; (3) that defendant has a history of terminating older employees for improper reasons; (4) that had he been afforded an internal corporate appeal of his termination, he would have prevailed and allowed to return to work; (5) that "[f]emale and younger employees in comparable positions were treated better and not fired or had their appeals delayed under similar circumstances"; and (6) that defendant violated the ADEA, Title VII, and state antidiscrimination laws. ECF No. 57

at ¶¶17–20; 25; 72, 78–82.  These allegations are vague and conclusory and thus not entitled to

the presumption of truth.  *See Iqbal*, 556 U.S. at 681.  In contrast, the following factual

allegations are taken as true: (1) that plaintiff was 57 years old at the time of his involuntary

termination; (2) that he is male; (3) that he worked for defendant for over 20 years and attained

the title of ramp supervisor; (4) that he had a record of "good-to-excellent performance" during

his tenure; and (5) that plaintiff did not violate any United policy or procedure.  ECF No. 57 at

¶¶7, 13, 14, 16, 69, 73.

   After reviewing the remaining factual allegations, it is plain to me that plaintiff's

complaint is lacking the same information that the complaint in *Khalik* was lacking.  Namely,

plaintiff does not include any facts related to his own discrimination.  There is no information,

for example, that any supervisor ever referenced his age or gender in his performance reports or

made improper remarks concerning his age or gender.  He also didn't plead any information

about the reasons for his termination or why he believes that defendant's reasons were false and

pretextual.  Next, there are no details about how defendant treated women or younger employees

in a more favorable manner than plaintiff.  It would be helpful to know the age and gender of the

person who replaced plaintiff as ramp supervisor.  But plaintiff offers none of these details.

Finally, plaintiff does not plead any factual allegations that either younger or female employees

were treated differently.  The only support I could find was a reference to an unrelated *gender

discrimination* case from 2017 in which a jury determined that United "illegally retaliated

against Ms. Barrington (also a ramp supervisor) for complaining about discrimination."  *Id.* at

¶21.  This one instance does not make plaintiff's allegations of discrimination any more

plausible, and it is hardly sufficient to prove that defendant "has a history of ridding itself of

older and long-term employees for bogus reasons . . . ."  *Id.* at ¶20.

After striking the vague and conclusory allegations, plaintiff's complaint rests on the fact that he is a male over 40 years old, that he worked for defendant for 23 years and performed adequately, and that defendant terminated him involuntarily. This is not enough to survive a Rule 12(b)(6) motion. Without any factual details to support his discrimination claims, I find that plaintiff's claims are not plausible under *Twombly* and *Iqbal*.

Accordingly, plaintiff's first and second claims for relief in his Second Amended Complaint are dismissed with prejudice.

**B.  State Age and Sex Discrimination Claims.**

The allegations that support plaintiff's federal discrimination claims are the same allegations that support his state discrimination claims. *See* ECF No. 57 at ¶81. Therefore, my ruling on plaintiff's federal claims is fatal to plaintiff's state claims. *See Khalik*, 671 F.3d at 1192 n.3; *Johnson v. Weld Cty., Colo.*, 594 F.3d 1202, 1219 n.11 (10th Cir. 2010) (noting that because Colorado law applies the same standards for discrimination claims as federal law, if one claim fails the other necessarily fails as well). Accordingly, plaintiff's fourth claim for relief in his Second Amended Complaint is also dismissed with prejudice.

**C.  Retaliation Claims.**

Plaintiff admits that he didn't complain of unlawful discrimination until after defendant terminated him. This makes plaintiff's retaliation claims unique in that he isn't alleging that his termination was due to his engaging in a protected activity. Instead, plaintiff's claims are based on defendant's failure to complete his appeal in a timely fashion. ECF No. 57 at ¶39. Defendant argues that his retaliation claims are baseless because he was no longer an employee when he first complained of discrimination, and thus, he suffered no adverse employment action. ECF No. 51 at 7–9.

Title VII makes it unlawful for an employer to discriminate against an employee because the employee "has opposed any practice made an unlawful employment practice by [Title VII]." 42 U.S.C. § 2000e-3(a). The ADEA contains a similar anti-retaliation provision. 29 U.S.C. § 623(d). Retaliation claims follow the same *McDonnell Douglas* burden-shifting framework as plaintiff's discrimination claims. *See Khalik*, 671 F.3d at 1192. To state a prima facie case of retaliation, plaintiff must show "(1) that he engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection exists between the protected activity and the materially adverse action." *Hansen v. SkyWest Airlines*, 844 F.3d 914, 925 (10th Cir. 2016) (internal quotation marks omitted). These elements guide my analysis to determine whether plaintiff has pled a plausible claim of retaliation.

The issue here turns on the definition of adverse employment action. The Tenth Circuit "broadly define[s]" the phrase, stating that "adverse employment actions constitute a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Orr*, 417 F.3d at 1150 (internal citation, quotation marks, and alterations omitted). A "mere inconvenience" will not suffice. *Piercy v. Maketa*, 480 F.3d 1192, 1204 (10th Cir. 2007). Rather, the harm suffered by plaintiff must be sufficient to "dissuade[] a reasonable worker from making or supporting a charge of discrimination." *Hubbard v. United Servs. Auto. Ass'n*, No. 05-CV-00927-WDM-BDN, 2007 WL 437676, at *7 (D. Colo. Feb. 5, 2007) (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 57 (2006)).

In this case, the adverse employment action must be the delay in the plaintiff's appeal decision. It cannot be plaintiff's actual termination because defendant fired plaintiff prior to his

first lodging a complaint of discrimination. Like his discrimination claims, I find plaintiff's complaint lacking. On top of the conclusory allegations that I discarded above, plaintiff also avers that the "appeal was not completed with a timely decision because plaintiff had complained about discrimination, as discussed above. Thus, the failure to complete the appeal in a timely fashion was an act of illegal retaliation pursuant to federal and Colorado statutory law. The mandatory deadline for decision was ignored." ECF No. 57 at ¶39. He continues by stating, "The failure to complete plaintiff's appeal with a timely decision returning plaintiff to work, was an act of illegal retaliation against plaintiff for reporting discrimination . . . ." *Id.* at ¶42. These allegations are not entitled to the presumption of truth. What's left is the factual allegation that (1) plaintiff's attorney emailed a letter to defendant in which he registered a complaint of age discrimination for the alleged unlawful firing of plaintiff; and (2) that defendant did not issue a ruling on plaintiff's appeal until six weeks after the deadline for decision set forth in defendant's "Working Together Guidelines." *Id.* at ¶¶26–27.

These remaining factual allegations are insufficient to state a claim for retaliation. First, plaintiff cites no authority for the proposition that a six-week delay in receiving a formal denial of an employee's termination appeal is an adverse employment action or that it is likely to dissuade a reasonable worker from making a charge of discrimination. Second, plaintiff fails to plead a causal connection between his lawyer's complaint (the protected activity) and his delay in denial of his appeal decision (assuming without deciding that this is a materially adverse action). Third, his SAC lacks any allegations that the result of his appeal would have been different had his attorney never raised the issue of discrimination. And fourth, plaintiff does not allege that the delay had anything to do with his attorney's discrimination complaint. In fact, plaintiff's response states that "it wasn't until plaintiff's attorney registered the complaint of

discrimination that the company realized it had committed a wrong by not deciding the internal appeal in a timely fashion." ECF No. 54 at 15. If this statement is true, it would tend to show that defendant's delay had nothing to do with plaintiff's complaint but instead merely an administrative oversight.

In sum, even construing his factual allegations in his favor, plaintiff's unsupported allegation that he was retaliated against for registering an age discrimination complaint is insufficient to survive a Rule 12(b)(6) motion. I have sympathy for plaintiff, a 23-year worker for defendant who remained unemployed pending the outcome of his termination appeal, but he must plead some facts to show that defendant delayed his denial because he registered a complaint. And while I don't favor defendant's decision to delay his appeal beyond what it promised in plaintiff's termination letter, the harm plaintiff suffered for this delay is more appropriate for his breach of contract claim.

Accordingly, plaintiff's third and fifth claims for relief in his Second Amended Complaint are dismissed with prejudice.

## ORDER

For the reasons above, defendant's partial motion to dismiss the First Amended Complaint [ECF No. 51], as supplemented and redirected at the claims as restated and expanded in the Second Amended Complaint, is GRANTED. The first, second, third, fourth and fifth claims for relief are dismissed with prejudice. The sixth claim for relief in the Second Amended Complaint remains.

DATED this 2nd day of May, 2019.

BY THE COURT:

<br>

11

_____

R. Brooke Jackson
United States District Judge