IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 18-cv-01205-RBJ

GREG KACHADOORIAN,

    Plaintiff,

v.

UNITED AIRLINES, INC.,

    Defendant.

# ORDER

This matter is before the Court on defendant United Airlines, Inc. ("United")'s motion for summary judgment, ECF No. 74. For the reasons stated below, the motion is granted.

## BACKGROUND

Plaintiff Greg Kachadoorian started working for United in May 1995, reaching the rank of Ramp Supervisor. ECF No. 57 (Second Amended Complaint) at 4. On February 1, 2018, United terminated his employment, effective the following day. ECF No. 74-2 (termination letter). The letter provided multiple grounds which added up to poor performance. *Id*. Throughout a series of complaints in this case Mr. Kachadoorian has alleged that his age (57) and sex were the primary motivators for his termination. ECF Nos. 1, 45, 57. He also argues that United broke the two promises it makes to every employee: (1) that employees could complain about discrimination without fear of retaliation, and (2) that employees had a right to appeal adverse actions against them internally, and that those appeals would be processed fairly and completely. *See* ECF No. 57 at 7-9.

1

United's termination letter advised that he had a "right to appeal this decision." ECF No. 74-2 at 2. The letter further stated that the "policy for appeals in the Working Together Guidelines states you have 14 business days to appeal to the division director, managing director, or division vice president with a copy to the human resources partner." *Id*. The Working Together Guidelines is a United document provided to employees that sets forth various procedures and policies. ECF No. 74-3 (copy of the Working Together Guidelines). These Guidelines provide that if an employee submits a timely "Management Appeal" with in the 14 business days,

> The Vice President or his/her designee conducts a face-to face meeting to evaluate the company's decision and the employee's position and may uphold, modify or reverse the decision. A response letter will be provided to the appealing employee within 10 business days. The decision rendered is final and binding.

*Id.* at 3.

The Working Together Guidelines also indicate that United is an "at will" employer, and that "United may modify or terminate at its discretion, without notice or cause, an employee's employment status." *Id.* at 2. The Guidelines disclaim that they are a contract of employment. *Id.* However, in his declaration Mr. Kachadoorian has stated, "As management employees, we were told that there were appeal procedures we could use in the Working Together Guidelines (but we had to follow them precisely). HR Manager Pam Hettlinger, told me that the appeal procedures had to be followed." ECF No. 76-2 at 2, ¶1. Indeed, United has cited non-compliance with the Working Together Guidelines as a basis for termination of an employee. *See Herrera v. United Airlines, Inc.,* 754 F. App'x 684, 688-89 (10th Cir. 2018) (unpublished).

On the day after the termination letter, February 2, 2018, Mr. Kachadoorian's lawyer, Jack Olsen, sent an email to an attorney whom he believed to represent United (apparently based on previous experience) and asserted that the termination was based on age discrimination: "This

2

termination seems to fit the pattern of United Airlines getting rid of older employees on flimsy excuses in order to replace them with younger employees. We have been observing this trend for a long time, as you may know." ECF No. 76-22.

Mr. Kachadoorian began the appeals process on February 13, 2018 when he notified United that he wished to appeal from his termination. ECF No. 74-4. His letter states, "I believe I have been discriminated against because of my age, not to mention treated unfairly and unjustly in other ways." *Id.* He requested a face-to-face meeting with the Vice President or his designee and stated that he would have his attorney present. *Id.*

Mr. Kachadoorian was informed that his attorney could not attend the meeting, and that no one from United's legal department would attend either, but that his attorney could prepare a statement for him to read at the meeting. ECF No. 74-1 at 17. His attorney did not prepare such a statement. *Id.* However, a meeting (the "management hearing") was held on April 6, 2018.

However, Mr. Kachadoorian was not informed of the result of his appeal within 10 business days as indicated in the Working Together Guidelines. United's letter informing Mr. Kachadoorian that his appeal was denied was issued on June 5, 2018. ECF No. 74-7. This was approximately six weeks after the letter was due under United's policy. Notably, the letter was issued approximately three weeks after Mr. Kachadoorian filed the present case in which, among other things, he complained about not having received a ruling on his appeal.

In this case Mr. Kachadoorian complains that because United did not issue a timely ruling, his appeal should be deemed successful, and he should be returned to work. ECF No. 57 at 8, ¶35. He also asserts that United's failure to properly complete the appeal process, as well as the termination of his employment itself, were acts of discrimination based on his age or sex and retaliation for his having complained about discrimination. *See id.* at ¶¶1-3, 19-42.

Procedural History

Mr. Kachadoorian filed his Complaint in this Court on May 16, 2018. ECF No. 1. Despite referring to alleged age and sex discrimination, Mr. Kachadoorian initially brought only contract and tort law claims: (1) "Breach of Implied and/or Quasi-Contracts;" (2) "Estoppel;" (3) Misrepresentation; (4) Fraudulent Concealment, and (5) Negligent Misrepresentation. *Id*.

On June 21, 2018 United filed a motion to dismiss all of Mr. Kachadoorian's claims. In my September 12, 2018 order on that motion I noted that Mr. Kachadoorian had not yet obtained a Right to Sue Letter from the Equal Employment Opportunity Commission ("EEOC"), and that any discrimination and retaliation claims were therefore premature. ECF No. 37 at 2. I also dismissed Mr. Kachadoorian's claims for breach of implied contract, breach of quasi-contract, equitable estoppel, misrepresentation, and negligent misrepresentation. *Id.* at 4–13. I did not dismiss the breach of contract and promissory estoppel claims based on United's alleged failure to complete the appeals process. *Id*.

Mr. Kachadoorian received an EEOC right to sue letter for age discrimination on September 30, 2018. On November 13, 2018 he filed his First Amended Complaint, now alleging age discrimination, retaliation, breach of contract, and estoppel. ECF No. 45. After receiving a notice of his right to sue for sex discrimination, he moved for leave to file a Second Amended Complaint which would add a sex discrimination claim to his complaint. ECF No. 50. Coincidentally, United moved partially to dismiss the First Amended Complaint (all but Mr. Kachadoorian's breach of contract and estoppel claims) the next day. ECF NO. 51.

I allowed Mr. Kachadoorian to amend his complaint a second time and allowed United to supplement their motion to dismiss to address Mr. Kachadoorian's new claims. ECF No. 56. I then granted United's motion to dismiss all but Mr. Kachadoorian's breach of contract and

estoppel claims. ECF No. 64. United now moves for summary judgment on Mr. Kachadoorian's remaining claims for breach of contract and estoppel. ECF No. 74.

## STANDARD OF REVIEW

The Court may grant summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden to show that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* at 324. A fact is material "if under the substantive law it is essential to the proper disposition of the claim." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50. (internal citations omitted). The Court will examine the factual record and make reasonable inferences in the light most favorable to the party opposing summary judgment. *Concrete Works of Colo., Inc. v. City & Cnty. of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994).

## ANALYSIS

### A. **Whether Mr. Kachadoorian has Properly Alleged Breach of Contract or Promissory Estoppel.**

United argues that Mr. Kachadoorian's Second Amended Complaint alleges only claims that I have previously dismissed. ECF No. 74 at 9. Specifically, United notes that the Second Amended Complaint alleges only breach of implied and quasi-contracts. I dismissed the implied contract and quasi-contract claims in my previous order. ECF No. 37 at 4-6. That order allowed

Mr. Kachadoorian to proceed on only express contract and promissory estoppel theories. *Id*. at 6–10.

In my order on United's second motion to dismiss, I reiterated that only Mr. Kachadoorian's breach of contract claim, and alternatively, his promissory estoppel claim, survived. ECF No. 64 at 2. I then described the surviving claims to involve only Mr. Kachadoorian's right to appeal his termination as stated in his termination letter, and United's failure to comply with the appeal procedure outlined in the Working Together Guidelines. *Id.*

Mr. Kachadoorian seems to have misunderstood the contours of his surviving claims. In his Second Amended Complaint, Mr. Kachadoorian's Sixth Claim for Relief is labeled "Breach of Implied and/or Quasi-Contracts, and Estoppel," and it includes the language "[b]ecause of the breaches of promises by the defendant corporation . . . the defendant corporation has breached implied contracts and/or quasi-contracts with plaintiff." ECF No. 57 at 19. In Mr. Kachadoorian's response to United's current motion for summary judgment, he argues that his remaining undismissed contract claim "was premised upon multiple promises to employees . . . namely promises that the company would not discriminate on the basis of age or sex; would not retaliate against employees who complained about discrimination; and would process (via internal appeals) adverse actions, including processing said internal appeals to conclusion within ten days of hearing." ECF No. 76 at 1–2.

However, my previous orders were sufficiently clear: Mr. Kachadoorian's only surviving claims hinge on United's failure to comply with appeal process set forth in the Working Together Guidelines. Any arguments or claims regarding other alleged breaches of contract or other wrongful conduct have been dismissed.[1]

---

[1] I have not held, and do not now hold, that the Working Together Guidelines cannot amount to a binding contract. A party could allege claims for breach of implied, quasi, or express contract based on violations

6

Nevertheless, his confusion does not itself entitle United to summary judgment on the remaining claims. United asserts that because Mr. Kachadoorian's Sixth Claim for Relief in his Second Amended Complaint is labeled "Breach of Implied and/or Quasi-Contracts, and Estoppel," he has "failed to assert any viable claims . . . upon which he can proceed." ECF No. 74 at 9–10. However, I will not interpret the label to trump the substance. Although his continued use of an inaccurate label is puzzling, I cannot fairly preclude Mr. Kachadoorian from making the same argument that I have consistently preserved in my orders.

### B. **Whether United Breached an Express Contract**.

United argues that even should I consider Mr. Kachadoorian's breach of contract claim, Mr. Kachadoorian has failed to establish this as a viable claim. United asserts that: (1) assuming the existence of a contract, United did not breach because it provided a full and fair appeal, and (2) there was no express contract because there was no consideration.

1. Whether United Provided a Full and Fair Appeal.

According to United, it satisfied its obligation to Mr. Kachadoorian by providing him with the appeal hearing on April 6, 2018, and subsequently issuing a response letter on June 5, 2018. *Id*. at 10. United notes that the termination letter did not specify a date by which a response letter would be provided, and thus the June 5th response letter completed the appeals process. *Id*. at 12. Finally, United reiterates its previous argument that the Working Together Guidelines contained a disclaimer such that the procedures they describe could not bind the company. *Id*. at 13.

I agree that United provided an appeal. It is implicit in the obligation to provide an appeal that the appeal must be more than pro forma, that is, that it must be considered in good

---

of the Guidelines. My holding on this issue is limited to the finding that Mr. Kachadoorian did not establish such a claim in this case.

faith. However, Mr. Kachadoorian has not come forward with evidence suggesting that the appeal was not conducted in good faith.[2] Nevertheless, the Guidelines state that a "response letter will be provided to the appealing employee within 10 business days." ECF No. 74-3. That did not happen.

United argues, as it has before, that a disclaimer in the Working Together Guidelines stating that the guidelines are not a contract absolve its failure to provide a timely response letter. ECF No. 74 at 12. Previously it argued that the disclaimer demonstrated that it never meant to promise any right to appeal. I disagreed, concluding that "United made a promise, free from any disclaimer, to Mr. Kachadoorian when it expressly promised that he had a right to appeal" in his termination letter. ECF No. 37 at 7. "Had the termination letter included a disclaimer itself, the result might be different. But the letter contained no such disclaimer." *Id*.

United does not still argue that the disclaimer alleviates their need to provide an appeal at all but rather their need to conform to the appeals procedure laid out in the guidelines. I cannot agree. As I said in my previous order, even if the Guidelines themselves do not bind United, the

---

[2] The appeal was heard by Steven M. Jaquith, Vice President of the Denver Hub of United, in a one-hour meeting on April 6, 2018. Mr. Jaquith was an individual whom Mr. Kachadoorian knew, liked, and respected. ECF No. 74-1 at 26. Mr. Jaquith gave Mr. Kachadoorian an opportunity to respond to each of the items in his termination letter, *see* ECF No. 74-1 at 34-42, as is reflected in extensive notes of the meeting taken by Pam Hettlinger, Manager of Human Relations, Denver. ECF No. 74-5 (the notes). After the meeting Mr. Jaquith met with each of the three managers who participated in the termination decision and several times with United's Senior HR Manager. ECF Nos. 74-6 at 2, 76-3 at 3, and 76-4 at 4. He found no evidence supportive of Mr. Kachadoorian's suspicion that his age was a factor. *See* ECF No. 76-4 at 9-16. Mr. Jaquith also communicated with his peers in other United locations and with Human Resources as to whether there might be a position for Mr. Kachadoorian elsewhere in the United system but didn't find a spot for him. ECF No. 76-4 at 4-5, 8-9. Plaintiff's response emphasizes Mr. Jaquith's testimony that he did not personally draft the letter that provided his decision. Someone at Human Resources drafted the letter. However, Mr. Jaquith made the decision, and he reviewed and signed the letter. ECF No. 76-3 at 17; ECF No. 76-4 at 10. His declaration and deposition testimony reflect that he fully subscribed to it.

termination letter does.[3] *Id*. The termination letter, which expressly promised Mr. Kachadoorian a right to appeal, refers him to the process laid out in the Guidelines. The disclaimer does not alleviate United's failure to provide a complete appeal in compliance with the termination letter and incorporated Guidelines, and therefore does not entitle United to summary judgment.

    2. Lack of Consideration.

United alternatively argues that the termination letter did not create a contract because Mr. Kachadoorian did not provide any consideration. ECF No. 74 at 14. To maintain his breach of contract claim, Mr. Kachadoorian must raise a genuine dispute of material fact about the existence of consideration for the contract. "A contract is formed when an offer is made and accepted . . . and the agreement is supported by consideration." *Marquardt v. Perry*, 200 P.3d 1126, 1129 (Colo. App. 2008).

As I stated in my order on United's first motion to dismiss, hiring an attorney to file the appeal on his behalf would satisfy Mr. Kachadoorian's low standard for consideration. ECF No. 37 at 6. United now points out that Mr. Kachadoorian prepared his appeal request himself, and his attorney did not attend his appeal meeting or prepare a statement for Mr. Kachadoorian to use at the hearing. ECF No. 74 at 15. The attorney did, in his initial letter to another attorney whom he thought would represent United in this matter, ask the attorney to inform him of Mr. Kachadoorian's appeal rights. ECF No. 76-22. Mr. Kachadoorian had wanted his attorney to attend the appeal meeting with him, but that was not allowed. However, United correctly notes

---

[3] I reiterate that am not convinced that the Working Together Guidelines are not binding. As I have noted, United has cited non-compliance with the Working Together Guidelines as a basis for termination of an employee. *See Herrera v. United Airlines, Inc.,* 754 F. App'x 684, 688-89 (10th Cir. 2018) (unpublished).

9

that Mr. Kachadoorian does not point to any evidence that his attorney assisted him in preparing for the appeal. *See* ECF No. 76.

Because he has failed to point to any evidence that his attorney assisted him with his appeal, nor presented any other evidence of consideration, Mr. Kachadoorian has not met his burden of designating specific material facts over which there is a genuine dispute. Therefore, I must grant United's motion for summary judgment on Mr. Kachadoorian's claim for breach of contract.

### C. Whether United Broke an Express Promise.

United finally argues that Mr. Kachadoorian's promissory estoppel claim must fail because he did not detrimentally rely on any promise from United regarding his right to appeal. To establish that claim, he would have to satisfy the following elements:

> (1) the promisor made a promise to the promisee; (2) the promisor should reasonably have expected that the promise would induce action or forbearance by the promise; (3) *the promisee in fact reasonably relied on the promise to the promisee's detriment*; and (4) the promise must be enforced to prevent injustice.

*Marquardt*, 200 P.3d at 1129 (emphasis added).

Mr. Kachadoorian has not made any showing that he detrimentally relied on United's promise to issue an appeal decision within 10 business days. He has not, for example, suggested that he lost out on other opportunities for employment while waiting for his appeal to be decided. On the contrary, and to his credit, he started looking for employment within a few days after his termination and did not slow down or stop looking after his April 6, 2018 appeal hearing. ECF No. 74-1 at 130:8-17. Altogether he applied for 39 different jobs between February 7 and November 1, 2018; and that he stopped on that date because he got a job. *Id*. at 100:11-25, 130:15-17. Likewise, he has not suggested that he incurred attorney's fees or other costs because

of the delay; rather, he acknowledged that he did not incur any expenses, or change his position in any way, because he was waiting for the decision on appeal. *Id.* at 130:11-25.

In his brief, Mr. Kachadoorian argues that he can show reliance because he changed his position "by filing the appeal in the first place." ECF No. 76 at 10. However, he does not explain how this alleged shift in position was to his detriment.

Mr. Kachadoorian has not raised a genuine dispute of fact about whether he detrimentally relied on United's promise of a fair appeal. Therefore, I must grant summary judgment on his promissory estoppel claim as well.

## ORDER

For the foregoing reasons, defendant's motion for summary judgment, ECF No. 74, is GRANTED. This civil action is dismissed with prejudice. As the prevailing party, defendant is awarded reasonable costs to be taxed by the Clerk pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

DATED this 22nd day of January, 2020.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge